STROUD, Judge.
Defendant appeals his convictions for possession of a firearm by a felon and assault with a deadly weapon inflicting serious injury. We determine there was no error.
The background facts of this case are a bit complicated and often contradictory. But because this appeal deals only with a jury instruction, only a brief summary of the facts is necessary to understand the issue on appeal. The State's evidence showed that in October 2015, defendant, a convicted felon, and a group of acquaintances, including defendant's cousin Bob, and Ms. Jones, a methamphetamine ("meth") dealer[1] took meth. Later that evening, once the group had separated, Bob decided he "wanted another high[,]" so he went to Ms. Jones's home. When no one answered the door at Ms. Jones's home, Bob kicked in the door and left.
Ms. Jones was with defendant when she found out her door had been kicked in, and they drove to Ms. Jones's home to address the issue. Defendant's car passed the truck Bob was in on the way, and defendant turned his car around, got behind the truck and began shooting his gun in the air. Eventually both vehicles pulled over at Jimmy's Mini Mart. Defendant and Bob both got out of their vehicles. At least portions of the incident were captured on the mini-mart camera. Bob had been shot during the altercation. Bob testified that defendant asked him to please tell the police he had accidentally shot himself. At the scene, Bob did tell law enforcement he had shot himself but later told law enforcement that defendant was actually the shooter. Ms. Jones testified that defendant ran to hit Bob with the gun and he ended up getting shot by accident.
Defendant was indicted for possession of a firearm by a felon and assault with a deadly weapon. Defendant had a jury trial, and the only issue on appeal stems from the jury instructions. After the close of the evidence, during the charge conference, defendant's attorney stated,
I would ask for the court's consideration on 104.21 witness immunity or quasi-immunity.
I make that suggestion and request to the court in that it appears from the testimony of ... [Bob], [Ms. Jones], and Mr. [Smith] that on this occasion they were all involved in varying degrees of criminal conduct, that they have-there's-you know, it appears that they have not been prosecuted for any of what they-of their involvements in these things. And we would contend that all of these matters were-that law enforcement was aware of and that no charges were brought in that regard.
The trial court denied defendant's request for North Carolina Pattern Jury Instruction 104.21. The jury convicted defendant of possession of a firearm by a felon and assault with a deadly weapon inflicting serious injury. Defendant was sentenced accordingly and appeals
On appeal, defendant argues the trial court should have instructed the jury with North Carolina Pattern Jury Instruction 104.21 which provides the instruction is appropriate where
[t]here is evidence which tends to show that a witness testified [under a grant of immunity] [under an agreement with the prosecutor for a charge reduction in exchange for the testimony] [under an agreement with the prosecutor for a recommendation for sentence concession in exchange for the testimony]. If you find that the witness testified for this reason, in whole or in part, you should examine this testimony with great care and caution. If, after doing so, you believe the testimony, in whole or in part, you should treat what you believe the same as any other believable evidence.
N.C.P.I-Crim. 104.21 (footnote omitted).
Regarding jury instructions,
[t]he trial court is responsible for ensuring that the jury is properly instructed before deliberations begin. A trial court's primary purpose in instructing the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence. In considering whether to give a requested jury instruction, the evidence must be viewed in the light most favorable to the party requesting the instruction. On appeal, this Court should consider the jury charge contextually and in its entirety.
The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by an omitted instruction. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.
Wiggins & Small v. E. Carolina Health-Chowan , 234 N.C. App. 759, 762, 760 S.E.2d 323, 325-26 (2014) (citations and quotation marks omitted).
Defendant's brief argues that the State did not charge Bob in exchange for his testimony against defendant; defendant contends that if properly instructed the jury may have discounted Bob's testimony and instead believed Ms. Jones's testimony that the shooting was an accident. The problem for defendant is Ms. Jones's version of events still leads to the conclusion that defendant is guilty of (1) possession of a firearm by a felon, because she testified defendant shot a gun multiple times out of his car, and (2) assault with a deadly weapon inflicting serious injury, because she testified defendant ran to hit Bob with a gun but accidentally shot him. It is actually likely the jury did believe Ms. Jones's version of events. The jury was given the option of convicting defendant of assault with a deadly weapon with intent to kill inflicting serious injury or assault with a deadly weapon with intent to kill. But the jury chose the option which did not have an intent element, assault with a deadly weapon inflicting serious injury, indicating that they believed defendant had a gun and had harmed Bob with it, though not with intent.
Furthermore, Mr. Smith, the man driving Bob around that evening, testified he heard gunshots, saw defendant with a gun, and knew Bob had no gun. While defendant's argument before the trial court indicates Ms. Jones and Mr. Smith also may have been appropriate witnesses for a 104.21 instruction, no such argument is made on appeal. Lastly, and importantly, we note at least portions of the incident were captured on video which the jury had the benefit of viewing during the trial.
"[I]it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury." Wiggins , 234 N.C. App. at 762, 760 S.E.2d at 326. Any alleged error regarding pattern jury instruction 104.2 was not "likely, in light of the entire charge, to misled to jury" in determining whether defendant had possessed a firearm and committed assault with a deadly weapon. Id. This argument is overruled.
NO ERROR.
Report per Rule 30(e).
Judges DAVIS and ARROWOOD concur.

We use pseudonyms for the witnesses involved in this incident to protect their identities, since they were not charged with any crimes.